Judge McMahon

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------- x

WILLIAM J. JESTER,

                          Plaintiff,

          -against-

UBS SECURITIES LLC,

                          Defendant.

------------------------------------------------------------- x

07 CIV 8009

07 Civ. ____

**COMPLAINT**

PLAINTIFF DEMANDS
TRIAL BY JURY

       Plaintiff, William J. Jester, by his attorneys, Liddle & Robinson, L.L.P., for his complaint alleges as follows:

### THE PARTIES

       1.   Plaintiff, William J. Jester, is currently 60 years old. His date of birth is November 5, 1946. He currently resides at 302 Glenwood Road, Ridgewood, New Jersey, 07450.

       2.   Upon information and belief, UBS Securities LLC ("UBS") is a limited liability corporation organized and existing under the laws of Delaware, with its principal place of business located at 677 Washington Boulevard, Stamford, Connecticut. UBS also conducts business in the state of New York and maintains offices at 1285 Avenue of the Americas, New York, New York 10019, where Mr. Jester worked when he was employed with UBS.

### THE NATURE OF THE ACTION

       3.   This is a civil action for damages and remedies brought under the Age Discrimination in Employment Act, as amended, 29 U.S.C. § 621 et seq. ("ADEA"); the New

York State Human Rights Law, N.Y. Exec. Law § 290 et seq.; and the New York City Human Rights Law, N.Y.C. Admin. Code § 8-101 et seq.

## JURISDICTION AND VENUE

4. Jurisdiction is founded upon 28 U.S.C. § 1331 and principles of supplemental jurisdiction under 28 U.S.C. § 1367.

5. Mr. Jester filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") on March 1, 2007.

6. Mr. Jester served copies of this Complaint upon the New York City Commission on Human Rights and the Corporation Counsel prior to filing it in the United States District Court.

7. Venue is proper in this district under 28 U.S.C. § 1391(b) because a substantial part of the events giving rise to Mr. Jester's claims occurred in the Southern District of New York.

## FACTS

8. Mr. Jester was employed by UBS from April 1996 until February 28, 2007 as a Managing Director. For all but the final year of his employment, Mr. Jester was Head of UBS's Municipal Bond Department ("MBD"). In that position, Mr. Jester reported to Terry

Atkinson, who was Head of UBS's Municipal Securities Group ("MSG"). Upon information and belief, Mr. Atkinson is 59 years old.

9. Throughout his employment with UBS, Mr. Jester was qualified for his position and performed his duties in a professional and competent manner.

10. Mr. Jester was compensated with a $150,000 base salary and annual bonuses. Through 2003, Mr. Jester's bonus compensation had increased in each year of his tenure with UBS, peaking at $1,000,000 cash plus an award 5,000 stock options for year-end 2003.

11. For 2004, a year in which his performance was rated as "exceeds profile," Mr. Jester's bonus compensation decreased to $800,000 cash plus an award of 5,000 stock options. This bonus compensation was at least $100,000 less than that received by some of Mr. Jester's direct reports.

12. For year-end 2005, Mr. Jester, for the first time, received a performance rating of "below profile." Although Mr. Atkinson agreed to change the rating to "exceeds profile," he subsequently told Mr. Jester that he could not do so. He did, however, change it to "meets profile," which was also a lower rating than any Mr. Jester had previously received.

13. At no time had Mr. Atkinson or anyone else at UBS informed Mr. Jester of any performance deficiencies.

14. Upon information and belief, Mr. Jester's 2005 performance review was prepared so as to justify a pre-determined decision to lower his bonus level.

15. For 2005, Mr. Jester received a bonus of $625,000 and no stock options, which was a significant reduction from 2004.

16. Upon information and belief, at least three professionals in the MBD received total compensation equal to or greater than $1 million for 2005, and only one of Mr. Jester's direct reports received a bonus lower than his. Additionally, all of Mr. Jester's reports except one received stock option awards, which upon information and belief were valued at approximately $100,000. Mr. Jester had previously received options in every year that they were offered.

17. Effective January 1, 2006, the MSG and MBD were transferred from the retail side of the business to UBS's Investment Banking Division. In January 2006, Mr. Atkinson told Mr. Jester that the Investment Banking professionals "are all young and aggressive" and that "they don't think we are properly staffed [in the MBD]." He then asked how old Mr. Jester thought Simon Bunce the Head of Fixed Income was, and informed Mr. Jester that Mr. Bunce was 42 years old.

18. On January 25, 2006, Mr. Jester learned that Dan Irvin, who upon information and belief is 47 years old, would be replacing him as Head of the MBD.

4

19. The next day, Mr. Irvin announced to the MBD that he would be managing the department and that Mr. Jester would be the Chief Operating Officer. Mr. Jester was never officially given that title, however. Instead, in a memo dated March 3, 2006, Mr. Jester's new position was identified as Head of Business Development.

20. On May 25, 2006, it was announced that David Shulman would replace Mr. Atkinson as Head of the MSG. Upon information and belief, Mr. Shulman is 45 years old.

21. On October 13, 2006, Mr. Irvin announced that he was leaving UBS. Mr. Jester expressed interest in receiving back his former position in charge of the MBD, but no one at UBS ever discussed that possibility with him. Instead, on October 27, Mr. Shulman announced that he had hired Ross Jackman, who upon information and belief is 34 years old, to run the Sales, Trading and Proprietary desks, which had previously reported to Mr. Jester.

22. On November 1, 2006, Mr. Shulman announced that he had hired Seema Mohanty, who upon information and belief is her mid-30s, to run Issuer Derivatives and Structured Products.

23. Upon information and belief, these new, younger hires were compensated with multiples of what Mr. Jester earned in his best year at UBS.

24. On December 4, 2006, Mr. Shulman told Mr. Jester that with the hires of Mr. Jackman and Ms. Mohanty, there was no significant position for him in the MBD going forward.

Mr. Jester was offered the opportunity to retire, to find another position within UBS, or to accept a severance package.

25. UBS did not seek to create a new position in the MBD for Mr. Jester, as had been done for John Feery, who upon information and belief is in his mid-40s.

26. Given the limited options provided to Mr. Jester, he retired from UBS effective March 1, 2007. Mr. Jester had not intended to retire until age 65, which he made clear to Mr. Atkinson and others at UBS in his conversations with them.

## FIRST CLAIM

(Age Discrimination In Violation of the ADEA)

27. Plaintiff repeats and realleges the allegations contained in paragraphs 1 through 26 as if separately set forth herein.

28. At all relevant times, Mr. Jester was an "employee" under the ADEA, 29 U.S.C. § 630(f).

29. Upon information and belief, UBS is an "employer" under the ADEA, 29 U.S.C. § 630(b).

30. By its actions detailed above, UBS has unlawfully discriminated against Mr. Jester on the basis of his age in violation of the ADEA.

31. By reason of the foregoing, Mr. Jester suffered damages, including emotional pain and mental anguish, in an amount to be determined at trial.

32. Upon information and belief, UBS's conduct was willful, entitling Mr. Jester to liquidated damages pursuant to 29 U.S.C. § 626(b).

## SECOND CLAIM

(Age Discrimination In Violation of the
New York State Human Rights Law)

33. Plaintiff repeats and realleges the allegations contained in paragraphs 1 through 32 as if separately set forth herein.

34. At all relevant times, Mr. Jester was an "employee" for purposes of the New York State Human Rights Law.

35. UBS is an "employer" for purposes of the New York State Human Rights Law.

36. By its actions detailed above, UBS has unlawfully discriminated against Mr. Jester on the basis of his age in violation of the New York State Human Rights Law.

37. By reason of the foregoing, Mr. Jester suffered damages, including emotional pain and mental anguish, in an amount to be determined at trial.

### THIRD CLAIM

(Age Discrimination In Violation of the
New York City Human Rights Law)

38. Plaintiff repeats and realleges the allegations contained in paragraphs 1 through 37 as if separately set forth herein.

39. Mr. Jester is a "person" under § 8-102(1) of the New York City Human Rights Law.

40. UBS is an "employer" subject to the provisions of the New York City Human Rights Law under § 8-102(5) of the Administrative Code.

41. By its actions detailed above, UBS has unlawfully discriminated against Mr. Jester on the basis of his age in violation of the New York City Human Rights Law.

42. By reason of the foregoing, Mr. Jester suffered damages, including emotional pain and mental anguish, in an amount to be determined at trial.

43. Upon information and belief, UBS's discriminatory conduct was taken with reckless indifference to Mr. Jester's rights, entitling him to punitive damages under the New York City Human Rights Law.

WHEREFORE, Plaintiff demands judgment against Defendant as follows:

A. On his First Claim, back pay in an amount to be determined at trial, front pay in lieu of reinstatement (otherwise unconditional reinstatement to his prior position), compensatory damages, liquidated damages, attorneys' fees, costs and interest;

B. On his Second Claim, back pay in an amount to be determined at trial, front pay in lieu of reinstatement (otherwise unconditional reinstatement to his prior position), compensatory damages, costs and interest;

C. On his Third Claim, back pay in an amount to be determined at trial, front pay in lieu of reinstatement (otherwise unconditional reinstatement to his prior position), compensatory damages and punitive damages, attorneys' fees, costs and interest; and

D. Such other and further relief as the Court deems just and proper.

Dated: New York, New York
September 12, 2007

LIDDLE & ROBINSON, L.L.P.

By: _____
Jeffrey L. Liddle
Christine A. Palmieri
Attorneys for Plaintiff
800 Third Avenue
New York, New York 10022
(212) 687-8500